## COMMONWEALTH vs. JAMES McCARTY.

A special justice of the police court of Springfield is authorized by *St.* 1852, *c.* 94, § 29 to certify to the court of common pleas copies of all the papers in a case tried before him, although the complaint was received and the warrant issued by the standing justice; provided the cause of the inability of the standing justice to discharge that duty is one of those mentioned in that section, and is stated on the record, though only added after the signature of the special justice.

COMPLAINT to the police court of Springfield for an unlawful sale of intoxicating liquor. The jurat and warrant were signed by the standing justice of that court; but the record of the proceedings in that court, and the copies transmitted to the court of common pleas were attested by " C. A. Winchester, Special Justice of said court, the standing justice being unable to attend by reason of absence from the city."

The defendant, having appealed from the sentence of that court to the court of common pleas, and been convicted there at December term 1858, moved in arrest of judgment on several grounds, the only one of which not decided in other cases was this : " Because it does not sufficiently appear from the papers in said case that C. A. Winchester, special justice of said police court, had authority to make and attest said copies ; and because the special justices of said court have no authority to make and attest copies of papers or to make and sign records of proceedings in said court." *Aiken*, J. overruled the motion, and the defendant alleged exceptions.

*E. W. Bond*, for the defendant. The only powers of the special justices of the police court of Springfield are " to issue the processes of said court, and to hear and determine any matter or cause pending therein." *St.* 1852, *c.* 94, § 29. Even the limited powers conferred on them can only be exercised for certain causes specified in that section, and " assigned on the record by the standing or special justice." No cause is assigned on this record ; and it does not appear by whom the memorandum under Mr. Winchester's signature was made. The copies of the complaint and warrant, at least, should have

been attested by the standing justice, who received the one and issued the other.

*S. H. Phillips*, (Attorney General,) for the Commonwealth.

DEWEY, J. In a case in which the hearing in the police court is had before the special justice, we have no doubt that he may certify the record of the case to the appellate court, assigning the reason therefor. We see no objection to a special justice certifying copies of the records generally, under the limitation that the standing justice is unable to discharge that duty, and stating the reason for his thus attesting the records. *St.* 1852, *c.* 94, § 29. · *Exceptions overruled.*

